IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN JOHNSON, )
 )
 Plaintiff, )
 )
vs. ) Case No. 10-CV-460-JHP-FHM
 )
OLD REPUBLIC INSURANCE )
COMPANY, )
 )
 Defendant. )

## OPINION AND ORDER

Before the Court are Defendant Old Republic Insurance Company's Motion for Summary Judgment (Docket No. 35), Plaintiff's Response to Defendant Old Republic Insurance Company's Motion for Summay [sic] Judgment (Docket No. 38), and Defendant Old Republic Insurance Company's Reply In Support of Motion for Summary Judgment (Docket No. 39). For the reasons set forth below, Defendant's motion is **DENIED**.

## BACKGROUND

**A.  Undisputed Factual Background**[1]

Defendant Old Republic Insurance Company (Old Republic) issued an insurance policy covering the American Automobile Association's (AAA) fleet of vehicles, including the tow truck driven by Plaintiff.[2] This policy included an endorsement for Oklahoma Uninsured/Underinsured Motorists (UIM) Coverage.[3] Plaintiff Johnson was an employee of AAA at the time of the incident.[4]

---

[1] The following facts are either not specifically controverted by Johnson in accordance with Local Civil Rule 56.1(c), or are described in the light most favorable to Johnson.

[2] Defendant Old Republic Insurance Company's Motion for Summary Judgment and Brief in Support (Motion for Summary Judgment) at 2, Docket No. 35.

[3] *Id.*

[4] *Id.*

On June 16, 2008, Plaintiff was dispatched by AAA to assist Mrs. Ireta Tarwater, a 78 year old AAA member.[5] Tarwater's car had stalled, was inoperable, and was blocking a turn lane at 81st street and Harvard Avenue in Tulsa, Oklahoma.[6]

Upon arrival at the scene, Plaintiff parked the tow truck in front of, and perpendicular to Tarwater's car, in order to block traffic from the area.[7] Plaintiff then engaged the truck's emergency warning lights.[8] After securing the scene, Plaintiff recognized that Tarwater's car was on a slight downward sloping incline, and would need to be pushed up the incline in order to properly position the vehicle for towing.[9] Plaintiff then positioned himself between the tow truck and Tarwater's car in order to push the disabled vehicle into position.[10] Mrs. Tarwater had been instructed that she was to apply the car's brakes upon Plaintiff's signal that her car was in position.[11] Plaintiff signaled to Mrs. Tarwater, but she failed to apply the brakes.[12] Tarwater's car then rolled downhill, onto Plaintiff, pinning him between the vehicles, and causing the serious bodily injury for which Plaintiff now seeks relief.[13]

**B.     Procedural Background**

---

[5]*Id.*

[6]Plaintiff's Response to Defendant Old Republic Insurance Company's Motion for Summay [sic] Judgment (Response) at 2, Docket No 38.

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]*Id.*

[11]*Id.*

[12]*Id.*

[13]*Id.*

Plaintiff filed suit against Mrs. Tarwater for negligence in Tulsa County District Court on March 3, 2010.[14] In his state-court Petition, Plaintiff claims Tarwater "negligently struck the Plaintiff" and acted "recklessly with complete disregard for the health and well-being of the Plaintiff and all other drivers on the road."[15] This case was dismissed without prejudice by Plaintiff on November 23, 2010.[16]

Plaintiff filed his Complaint with Jury Demand against Old Republic in the Northern District of Oklahoma on July 20, 2010, alleging breach of insurance contract and bad faith.[17] Defendant Old Republic answered Plaintiff's Complaint on September 1, 2010 and filed their Motion for Summary Judgment on May 23, 2011.[18] Defendant argues that Plaintiff has never established that he is an "insured" under the express terms of the policy regarding UIM coverage.[19] Defendant argues specifically that Plaintiff was not "occupying" the covered AAA tow truck, and therefore was not an "insured" under the express terms of the policy.[20] Plaintiff does not dispute any of Defendant's factual allegations, but disputes Defendant's contention that Plaintiff was not covered under the UIM endorsement of AAA's policy.[21]

## DISCUSSION

---

[14] Motion for Summary Judgment, Exhibit 1 at 2, Docket No. 35-1.

[15] *Id.*

[16] Motion for Summary Judgment, Exhibit 2 at 4, Docket No. 35-2.

[17] Docket No. 2.

[18] Docket Nos. 9 and 35.

[19] Motion for Summary Judgment at 2, 6-10, Docket No. 35.

[20] *Id.*

[21] Response at 3, Docket No. 36.

3

Federal Rule of Civil Procedure 56(c)(2) provides the standard courts must use when determining whether summary judgment is proper. According to the rule, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[22] When determining such issues of law in a diversity action, this Court has an obligation to apply Oklahoma law as announced by the highest court of the state.[23] In the absence of an authoritative pronouncement, federal courts, sitting in diversity, must predict how the Oklahoma's highest court would rule, following "any intermediate state court decision unless other authority convinces [this Court] that the state supreme court would decide otherwise."[24]

After thorough review of both parties briefs, this Court finds no actual dispute between the parties as to the material facts of this case.[25] Defendant asks this Court to interpret the UIM endorsement of AAA's insurance policy as a matter of law to determine whether or not Plaintiff was covered. Under Oklahoma law, "insurance polices are contracts interpreted as a matter of law."[26] As such, Defendant's question as to whether or not UIM coverage existed at the time of the accident is

---

[22] Fed. R. Civ. P. 56(c)(2). *See also* Jennings v. Badget, 2010 OK 7, ¶¶ 4-5, 230 P.3d 861, 864.

[23] Comm'r v. Estate of Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967).

[24] *See* Daitom, Inc. v. Pennwalt Corp., 741 F.2d 1569, 1574 (10th Cir.1984).

[25] Plaintiff's Response includes a section entitled "Additional Material Facts That Preclude Summary Judgment." *See* Response at 1-2, Docket No. 38. Plaintiff's "additional" facts merely present a more detailed account of the accident and do not contradict Defendant's characterization so as to preclude summary judgement. Plaintiff's detailed account of the facts was used in this Court's fact summary and decision-making per Local Civ. R. 56.1(c).

[26] BP Amer. Inc. v. State Auto & Cas. Ins. Co., 2005 OK 65, ¶ 6, 148 P.3d 832, 835. Max True Plastering Co. v. U.S. Fid. and Guar. Co., 1996 OK 28, ¶ 20, 912 P.2d 861, 869. Dodson v. St. Paul Ins. Co., 1991 OK 24, ¶ 12, 812 P.2d 372, 376.

one of pure law. Because there is no dispute of material fact, and the question presented is purely legal in nature, summary adjudication on the narrow issue of the existence of UIM coverage is proper.

In order for Plaintiff to claim UIM coverage under the Old Republic policy, he must first show he is within the class of "insureds" covered by the policy endorsement.[27] The relevant policy provision in question defines an "insured" as "[a]nyone 'occupying' a covered 'auto.'"[28] The policy further defines "occupying" as "in, upon, getting in, on, out, or off."[29] In its Motion for Summary Judgment, Defendant asks this Court to find that Plaintiff was not "occupying" the covered tow truck at the time of the accident, and is therefore not entitled to coverage as a matter of law.[30] Plaintiff

---

[27]The Court has reviewed and rejects Plaintiff's contention that OKLA. STAT. tit. 36, § 3636 requires Old Republic to provide him UIM coverage under the policy as a "permissive user" in this case. Response at 3-15, Docket No. 38. The Court does note that Plaintiff concedes that OKLA. STAT. tit. 36, § 3636 allows express rejection by the named insured of statutorily required UIM coverage. Response at 5-6, Docket No. 38 (statute requires UIM unless named insured rejects such coverage in writing). The right of the named insured to abolish mandatory UIM coverage, must necessarily include the right to alter the terms of that coverage. This has been specifically addressed in Oklahoma case law. *See* Shepard v. Farmers Ins., 1983 OK 103, ¶ 1, 678 P.2d 250, 253 (amount of coverage limited to contract between parties; clause denying coverage for family member neither unconscionable, nor violative of public policy expressed in Oklahoma's Uninsured Motorists Act); Graham v. Travelers Ins. Co., 2002 OK 95, ¶ 21, 61 P.3d 225, 230-31 (no public policy violated by limitation excluding otherwise covered employees from UIM coverage when using their own vehicles for company business). In this case, the UIM endorsement functions as an express alteration of the terms of UIM coverage required by the statute. Further, the bold language at the top of the endorsement " THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY," puts the named insured on notice that terms such as who is "insured" under the UIM endorsement may differ (*cont.*) (*cont.*) significantly from those in the general liability portion of the policy. Motion for Summary Judgment, Exhibit 6 at 1, Docket No. 35. AAA, as the named insured, accepted these terms upon accepting coverage. In this instance, under these specific policy terms, this Court finds no public policy reasoning in Oklahoma precedent that warrants setting aside the agreed-to terms.

[28]Motion for Summary Judgment, Exhibit 6 at ¶ (B)(2)(a), Docket No. 35.

[29]*Id.* at ¶ (F)(2).

[30]Motion for Summary Judgment at 6, Docket No. 35.

contends he was in fact "occupying" the covered tow truck, because, at a minimum, he was pinned against it during the accident.[31]

Plaintiff and Defendant patently disagree as to the meaning of "occupying" under the terms of the policy. This remains unresolved after a plain and ordinary reading of the policy's language. As such, the term "occupying" can reasonably be considered ambiguous.[32] Whether a term is ambiguous is a matter for the trial court to determine,[33] but when a provision is found to be ambiguous, words of inclusion will be liberally construed in favor of the insured.[34] Regardless of perceived ambiguity, an insurance policy should be fairly construed to effectuate its purpose, and viewed in the light of common sense to avoid an absurd result.[35]

Oklahoma courts have rarely taken up the issue of what constitutes "occupying" a vehicle for purposes of UIM coverage. However, one intermediate Oklahoma court has stated there is no bright-line rule, and that determination of the policy definition of "occupying" should be left to a case-by case analysis which considers "the circumstances of the accident, the use of the vehicle, the relevant terms of the policy at issue, and any underlying public policy concerns."[36]

When they do analyze the issue, Oklahoma Courts have construed the term "occupying"

---

[31] Response at 15, docket No. 38

[32] Oklahoma courts tend to agree with this assessment, *see* Wickham v. Equity Fire & Cas. Co., 1994 OK CIV APP 148, ¶ 11, 889 P.2d 1258, 1260 (discussing the legal ambiguity of simple, every-day words like "in," and "on"depending on circumstances present).

[33] Redcorn v. State Farm Fire & Cas. Co., 2002 OK 15, ¶ 4, 55 P.3d 1017, 1019.

[34] Phillips v. Estate of Greenfield, 1993 OK 110, ¶ 10, 859 P.2d 1101, 1104.

[35] Dodson v. St. Paul Ins. Co., 1991 OK 24, ¶ 12, 812 P.2d 372, 376.

[36] *Wickham*, 1994 OK CIV APP 148, ¶ 11, 889 P.2d at 1261 (rejecting both narrow construction of "occupying" and a bright-line test.).

broadly in favor of the insured. For example, in *Willard v. Kelley*, an officer sued his personal UIM policy for injuries sustained in an incident where he was shot at while exiting his police vehicle.[37] Here, the court loosely construed the policy definition of "occupying" that included "alighting from" and "entering into" by finding not only that the officer was shot while "alighting from" the car, but also that subsequent gunshots inflicted after exiting, while the officer was ducking behind the cruiser door, were sustained while he was "entering into" his police cruiser.[38] The *Willard* court noted that, after the shooting stopped, Officer Willard found himself "leaning *on* his car seat, knees on the ground" which was used to support their "entering into" finding.[39] As a result, all injuries were held to have incurred while the officer was "occupying" the vehicle.[40] Although the policy definition of "occupying" in *Willard* included "alighting from" and entering into" rather than "getting in, on, out, or off," as in the instant case, the terms are quite similar, and the Oklahoma Supreme Court interpreted policy terms broadly in finding coverage for the entire incident.

Another case, *Wickham v. Equity Fire & Casualty Company*, dealt with a definition of "occupying" which mirrored that of the instant case. In *Wickham,* the court found that the "Good Samaritan"plaintiff was "occupying" the vehicle he had stopped to aid when he was struck by an uninsured third-party.[41] Defendant attempts to distinguish this case, claiming that under *Wickham*, Plaintiff could only be said to be "occupying" Mrs. Tarwater's vehicle, rather than the tow truck.[42]

---

[37]Willard v. Kelley, 1990 OK 127, ¶, 2, 803 P.2d 1124, 1125-26

[38] *Id.* at ¶¶ 25-26, 1132.

[39]*Id.* (emphasis in original).

[40]*Id.*

[41]*Wickham*, 1994 OK CIV APP 148, ¶ 11, 889 P.2d at 1261.

[42]Motion for Summary Judgment at 8 n.3, Docket No. 35.

Defendant further argues Plaintiff would only be covered under Tarwater's UIM policy if he was struck by an uninsured motorist other than Mrs. Tarwater.[43] The court in *Wickham* does not narrow its conclusion in such a manner. In fact, the *Wickham* court held the defendant Equity's interpretation to be too narrow, and that "occupying" under the policy was broad enough to include Mr. Wickham "who had looked through the trunk, who was performing repairs on the vehicle, and who was situated next to the vehicle tightening a lug nut on a wheel."[44]

A third example, offered by Plaintiff, holds no precedential value, but this Court has found the Oklahoma court's findings instructive for its analysis.[45] In the unpublished opinion *Keys v. Talavera,* The Oklahoma Court of Civil Appeals addresses an appeal from summary judgment in a case with very similar facts to the instant case. In *Keys*, the plaintiff Keys was a tow truck driver dispatched to tow a car being impounded by the police.[46] Upon arriving at the scene, Keys positioned the tow truck in front of the car to be towed, engaged his emergency lights, and walked back to speak to the officer near the impounded car.[47] While standing in the street, Keys was struck by Defendant Talavera.[48] Plaintiff Keys sought relief from both Defendant Talavera and Zurich American Insurance

---

[43]*Id.*

[44]*Wickham*, 1994 OK CIV APP 148, ¶ 11, 889 P.2d at 1261.

[45]Keys v. Talavera, DF-98, 806 (Okla. Civ. App. Nov. 22, 2004); attached in Response, Exhibit 3, Docket No. 38-3. Pursuant to Okla. Sup. Ct. R. 1.200(b)(5), unpublished opinions "are deemed to be without value as precedent" and "shall not be construed as precedent by any court or cited in any brief or other material presented to any court, except to support a claim of res judicata, collateral estoppel, or law of the case."

[46]*Keys,* DF-98, 806, slip op. at 3 n.1; attached in Response, Exhibit 3 at 3 n. 1, Docket No. 38-3.

[47]*Id.*

[48]*Id.*

Company (Zurich American), the insurer which held the UIM policy on the covered tow truck.[49]

On summary judgment before the trial court, both Keys and Zurich American argued for and against coverage, respectively, based on "occupancy" and on a public policy argument mirroring the one advanced here by Plaintiff.[50] The trial court granted partial summary judgment in favor of Keys, but did not specify on which basis it had found Keys insured under the UIM coverage.[51] The Court of Civil Appeals ultimately upheld the trial court's judgment.[52] Although *Keys* is unpublished, and of no precedential value, the fact that coverage was found in this case again points to the broad grounds on which Oklahoma courts find UIM coverage.

Using the case-by-case analytical framework announced by the Oklahoma Court of Civil Appeals in *Wickham*, this Court first looks to the circumstances of the instant accident and the use of the vehicle.[53] Plaintiff Johnson was preparing Mrs. Tarwater's car for towing, a few feet from his tow truck.[54] This act was necessary to effect the intended use of the tow truck, towing Mrs. Tarwater's vehicle. At the moment of the accident, Plaintiff was pinned against the tow truck, incapacitated, but with part of his body physically *on* the covered tow truck.[55] The circumstances

---

[49]*Id.* at 3.

[50]*Id.* at 11.

[51]*Id.* at 11.

[52]*Id.* at 22. The Court of Civil Appeals found coverage on public policy grounds that this Court rejects under the narrow facts of the instant case. *See supra* note 27 at 5-6.

[53]*Wickham*, 1994 OK CIV APP 148, ¶ 11, 889 P.2d at 1261 (definition of "occupying" should be left to case-by case analysis. considering "the circumstances of the accident, the use of the vehicle, the relevant terms of the policy at issue, and any underlying public policy concerns.").

[54]Response at 2, document No. 38.

[55]*Id.*

here readily compare to those in the above cited opinions, where the claimant in each instance was not necessarily "occupying" the vehicle if held to the narrow standard advocated by all of the insurer defendants. However, in all of these instances, Oklahoma courts found each plaintiff's use of the vehicle could broadly be considered "occupying" and that UIM coverage existed for the plaintiffs at the time of their accidents.

Looking next to the relevant terms of the policy at issue, Defendant's UIM endorsement defines "occupying" as "in, upon, getting in, on, out or off."[56] In *Willard*, the officer was found to be "entering into" after he ducked behind his door to avoid further injury and ultimately ended up knees on the ground, leaning on the interior of his cruiser.[57] Taking the facts in the instant case in a light most favorable to the Plaintiff, human reflex dictates that Plaintiff likely moved toward the tow truck at the moment he perceived imminent injury, just like the officer in *Willard* instinctively ducked behind the door of his cruiser to avoid further gunfire. Further, at least part of Plaintiff ultimately came to rest *on* the tow truck after the injury. This is eerily similar to Officer Willard's ultimate position, injured, on the ground, and arms resting *on* the seat of his cruiser, a fact the Oklahoma Supreme Court explicitly included in its opinion that found Officer Willard was "entering into" the cruiser.[58] The "entering into" language in *Willard* readily compares to the "in, upon, getting in, on, out or off" language in the instant case. As the Oklahoma Supreme Court broadly defined "entering into" when it found Officer Willard to be "occupying" his cruiser, the Plaintiff here could broadly be considered either "upon" or "getting on" the truck at the time of the accident, and was

---

[56] Motion for Summary Judgment, Exhibit 6 at 4, Document No. 35-6.

[57] *Willard*, 1990 OK 127, ¶,¶ 25-26, 803 P.2d at 1132-33.

[58] *Id*. at ¶¶ 25-26, 1132 (court describes Officer Willard as "leaning *on* his car seat, knees on the ground," emphasizing "on").

therefore similarly "occupying" the covered tow truck at the time of the accident.

The decisions in both *Wickham* and *Keys* further demonstrate that Oklahoma courts continue to define terms like "occupying" and "in, upon, getting in, on, out, or off" very broadly in favor of finding coverage.[59] Such broad interpretations in favor of the insured follow settled Oklahoma law.[60] These broad readings also hew to common sense so as to preclude an absurd result. Here, for example, Defendant's narrow reading of "occupying" would preclude coverage when Plaintiff was using the covered vehicle for its intended purpose, but would ostensibly cover any unintended passenger of the tow truck.[61] In the absence of an authoritative pronouncement on this specific issue by the Oklahoma Supreme Court, this Court follows the trend of Oklahoma Supreme Court and intermediate appellate courts broadly interpreting the term "occupying," and its policy definitions.

Looking finally to any underlying public policy concerns, this Court recognizes that the public policy reasoning of OKLA. STAT. tit. 36, § 3636 has impacted some of the decisions cited here. However, in light of the specific facts of this case, this Court declines to examine Oklahoma public policy concerns any further.[62]

After careful consideration of all relevant material using the analytical framework announced by the Oklahoma Court of Civil Appeals; this Court, construing the facts most favorably to the nonmoving party, construing the ambiguous policy terms broadly in favor of the insured, and

---

[59]*Wickham*, 1994 OK CIV APP 148, ¶ 11, 889 P.2d at 1261.

[60]Dodson v. St. Paul Ins. Co., 1991 OK 24, ¶ 12, 812 P.2d 372, 373 (if ambiguity exists contract is interpreted, consistent with party intentions, favorably to the insured and against the insurance carrier).

[61]This scenario was discussed in Keys v. Talavera. *See* Response, Exhibit 3 at 22, Document No. 38-3

[62]*See supra* note 27 at 5-6.

construing the entire policy in light of common sense, finds that Plaintiff can reasonably be said to have been either "on" or "getting on" the covered tow truck at the time of the accident. Plaintiff was therefore "occupying" the covered vehicle under the terms of the Old Republic UIM policy. As a result, Plaintiff qualifies as an "insured" under the terms of the policy, and Defendant is not entitled to judgment as a matter of law.

## **CONCLUSION**

For the reasons set forth herein, Defendant Old Republic Insurance Company's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 12th day of October, 2011.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma