IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOHN JOHNSON,

                Plaintiff,

v.

OLD REPUBLIC INSURANCE
COMPANY, a Foreign Corporation,

                Defendant.

Case No.  10-CV-460-JHP-FHM

**DEFENDANT OLD REPUBLIC'S RESPONSE AND OBJECTION
TO PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT**

Defendant Old Republic Insurance Company (Old Republic) responds and objects as follows to Plaintiff's Motion to Compel [Dkt. No. 55].

**INTRODUCTION**

Plaintiff's motion should be denied as both procedurally and substantively deficient.

1. Plaintiff did not comply with LCvR 37.1 despite being provided a detailed privilege log and an invitation to discuss the particular documents sought by Plaintiff's counsel.  *See* Lt. from D. Smolen to T. Steichen, Feb. 20, 2012 (Ex. 1); Lt. from T. Steichen to D. Smolen, Feb. 24, 2012 (Ex. 2).

2. Plaintiff's motion should be denied substantively as an improper attempt to create a presumption that the mere accusation of "bad faith" strips an insurance carrier of its right to privileged communication, or to seek the advice of counsel.

**BACKGROUND**

Plaintiff, an employee of AAA of Oklahoma, was dispatched to assist Ireta Tarwater, a 78-year-old motorist whose car had stalled in an intersection during a rain storm.  In preparing to

load her vehicle onto his truck Plaintiff claims he was manually pushing her disabled vehicle out of the intersection when his feet slipped on the wet pavement and her car rolled forward pinning him against his truck.

Plaintiff filed a workers' compensation claim with AAA of Oklahoma and sued Mrs. Tarwater alleging she was negligent and acted "recklessly with complete disregard for the health and well-being of the Plaintiff and all other drivers on the road," a colorful description when juxtaposed with her request for assistance because her car was inoperable.  Mrs. Tarwater denies liability and testified in her deposition that she tipped the Plaintiff $20 when he dropped her off at her destination and proceeded to deliver her car to the dealership.  She had no knowledge that Plaintiff claimed injury until she received a phone call from an attorney the following day advising her she was going to be sued.  *See* Ireta Tarwater Dep. April 26, 2011, 14:25-15:2, 16:22-24, 17:3-11  (Ex. 3)

While Plaintiff's negligence claim against Mrs. Tarwater was pending in Tulsa County District Court, Case No. CJ-2009-5014, Plaintiff's counsel contacted Old Republic asserting an uninsured motorist claim under a fleet policy issued to AAA of Oklahoma.  The suit to determine Mrs. Tarwater's liability, the predicate to any claim for uninsured motorist benefits, was set for pre-trial conference on July 16, 2010 but was stricken by Plaintiff's counsel, who filed this suit four days later asserting a "bad faith" breach of contract.  After two more scheduled pre-trial settings, and following the initial scheduling conference in this case [Dkt. No. 13], Plaintiff dismissed his suit against Mrs. Tarwater on November 23, 2010.

While Plaintiff's posturing between courts is his prerogative, his argument  borders on an overreaching abuse of the discovery process in search of a theory justifying that this suit was filed in accordance with the requirements of Rule 11.   While the Court has ruled that Plaintiff

would be considered to be "occupying" his truck, that was not the only fact question undetermined when Plaintiff initiated this suit. Plaintiff had not established he was legally entitled to recover from Ms. Tarwater in an amount that exceeded her liability insurance. *See* OKLA. STAT. tit. 36, § 3636(B). That issue was set for a pretrial conference when this suit was filed.

Now, Plaintiff seeks to discover privileged documents and attorney work product from Old Republic. In fact, Plaintiff does not even attempt to conceal the fact that he seeks to discover the "legal theories, mental impressions and opinions" of Old Republic's outside coverage counsel. *See* Motion to Compel at 9.

During the course of discovery, Old Republic has produced its claims file as well as detailed privilege logs. *See* Privilege Logs (Ex. 4). Despite the fact that Plaintiff has failed to identify the documents for which he challenges Old Republic's claims of attorney-client privilege or work product protection, undersigned counsel undertook a review of all withheld and redacted documents and produced additional documents which could arguably be deemed part of any factual investigation.

In the event Old Republic's supplemental production does not resolve Plaintiff's discovery complaints, Plaintiff's counsel should be required to comply with the rules before filing a Motion to Compel. Additionally, Plaintiff should not be entitled to discover communication protected by the attorney-client privilege, or work product doctrine, simply because he has asserted "bad faith." A strategy crafted by counsel which impedes, or delays, the ability to resolve the predicate elements of any uninsured motorist claim should not be the basis to claim there is no privilege.

## ARGUMENT AND AUTHORITY

**I.     Plaintiff's counsel has failed to personally meet and confer with counsel for Old Republic, and the Court should decline to hear Plaintiff's motion**

Although Plaintiff certifies in his motion that counsel for the parties have "personally conferred" regarding the matters set forth in Plaintiff's motion, no such personal conference discussing any specific objection to the privilege log occurred.[1]  Pursuant to Rule LCvR 37.1, the Court "shall refuse to hear" a motion relating to discovery unless counsel have personally "met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord."  *See* LCvR 37.1.  The only exceptions to this requirement are when the motion arises from failure to timely make a discovery response or when the distance between attorneys' offices renders a personal conference infeasible.  *Id.*  Those exceptions are inapplicable, as Old Republic has responded to Plaintiff's discovery requests and produced a privilege log compliant with FED. R. CIV. P. 26(b)(5).  Further, the offices of the attorneys for Plaintiff and Old Republic are both located in downtown Tulsa.

The motion should be denied for that reason alone.

**II.    Plaintiff is not entitled to discover materials protected by the attorney-client privilege or work product doctrine**

Plaintiff has failed to identify the documents for which he disputes Old Republic's claim of attorney-client privilege or work product.  Regardless, undersigned counsel undertook an additional review of all withheld documents and made a supplemental production.  The remaining withheld documents constitute privileged communications between Old Republic and

---

[1] Plaintiff's counsel did send a letter by e-mail on February 20, 2012, with paragraphs in different fonts, requesting that Old Republic produce unspecified documents protected by the attorney-client privilege and work product doctrine. *See* Lt. from D. Smolen to T. Steichen, Feb. 20, 2012 (Ex. 1).  On February 24, 2012, undersigned counsel responded to the letter requesting that counsel identify the documents on Old Republic's privilege log for which Plaintiff objected to the claim of privilege or work product protection. *See* Lt. from T. Steichen to D. Smolen, Feb. 24, 2012 (Ex. 2).  Undersigned counsel received no response to that letter.

its outside coverage counsel, and that attorney's mental impressions and opinions.[2]

The attorney-client privilege is the oldest privilege recognized by the common law for confidential communications. *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). Its purpose "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* The attorney-client privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Id.* Further, under the Federal Rules of Civil Procedure, the scope of discovery is limited to "nonprivileged" matter that is relevant to a party's claim or defense. FED. R. CIV. P. 26(b)(1).

When the basis of federal jurisdiction is diversity, the federal courts apply the state law of attorney-client privilege. FED. R. EVID. 501. The attorney-client privilege is codified at OKLA. STAT. tit. 12, § 2502, which protects confidential communications between an attorney and client "made for the purpose of facilitating the rendition of professional legal services to the client." OKLA. STAT. tit. 12, § 2502(B). The client retains the privilege to refuse to disclose and to prevent any other person from disclosing such communications. *Id.* The Oklahoma Supreme Court has recognized that "the attorney-client privilege is designed to shield the client's confidential disclosures and the attorney's advice." *Sims v. Travelers Ins. Co.*, 16 P.3d 468, 470 (Okla. Civ. App. 2000).

Once the privilege or work product protection is established, "the party seeking to overcome the assertion of a valid privilege bears the burden to show that the privilege has been waived." *Lindley v. Life Investors Ins. Co. of America*, No. 08-CV-0379-CVE-PJC, 2010 WL

---

[2] Plaintiff claims attorney Lawson Vaughn was essentially acting as a claims adjuster in connection with Plaintiff's claims. However, Mr. Vaughn was retained by Old Republic as legal counsel to evaluate issues of coverage under the policy. Plaintiff urges that communications by Mr. Vaughn requesting information regarding Plaintiff's claimed damages indicate Mr. Vaughn was acting as an adjuster. However, an analysis of underinsured motorist coverage necessarily involves an evaluation of claimed damages. *See* OKLA. STAT. tit. 36, § 3636(C).

1741407, *7 (N.D. Okla. April 28, 2010). Here, there has been no actual or implied waiver of the attorney-client privilege by Old Republic, which has not asserted an advice-of-counsel defense to Plaintiff's claims. Further, the privilege is not waived "simply by a plaintiff making allegations of bad faith." *City of Myrtle Beach v. United Nat. Ins. Co.*, No. 4:08-1183-TLW-SVH, 2010 WL 3420044, *5 (D.S.C. Aug. 27, 2010) (where defendant did not rely on advice of counsel defense, there was no waiver of the attorney-client privilege).

Claims of work product in diversity actions are controlled by federal law. *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998). "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3)(A). Further, "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." FED. R. CIV. P. 26(b)(3)(B). "[T]he general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order." *Hickman v. Taylor*, 329 U.S. 495, 512 (1947). Further, the work-product privilege applies to material prepared in preparation of "any litigation, not just the case in which the discovery is requested." *Lindley*, 2010 WL 1741407, *3. If material is protected by the work product doctrine, discovery may be compelled only if 1) the discovering party can demonstrate substantial need for the material, and 2) the discovering party is unable to obtain the substantial equivalent of the material by other means without undue hardship. *Frontier Refining,*, 136 F.3d at 704. The "substantial need/undue burden test applies only to fact work

product." *Id.* at n.12.

Clients have "a reasonable expectation that information relating to the client will not be voluntarily disclosed and that disclosure of such information may be judicially compelled only in accordance with recognized exceptions to the attorney-client and work product privileges." OKLA. STAT. tit. 5, Ch. 1, App. 3-A, Scope.

"An insurance company, just as any other individual or entity, has the right to seek confidential legal advice." *Roesler v. TIG Ins. Co.*, 251 Fed. Appx. 489, 499, 2007 WL 2981366, *9 (10th Cir. 2007); *see also Sims,* 16 P.3d at 470-71 (affirming trial court's ruling the insurer's claims file was protected by attorney-client privilege and work product protection). "It is only when such advice becomes at issue in a *legal proceeding* that the client may be required to disclose the advice of counsel under a theory of implied waiver." *Roesler*, 251 Fed. Appx. at 500, 2007 WL 2981366, *9. Here, there has been no waiver of the privilege by Old Republic, either express or implied. Thus, "[a] party cannot force an insurer to waive the protections of the attorney-client privilege by merely bringing a bad faith claim." *Williams Union Boiler v. Travelers Indemnity Co.*, 2003 WL 22853534, *1 (Del. Super. Ct. 2003) (denying plaintiff's motion to compel the production of coverage opinion).

For example, in *Nelson v. Granite State Insurance Co.*, 2009 WL 2252182 (W.D. Okla. July 28, 2009), the plaintiff in a bad faith case against an insurance carrier issued a subpoena to an attorney and his law firm, commanding the production of any and all documents relating to the "handling, investigation and/or claim evaluation of the underinsured motorist claim" of the insured; any and all documents provided to the carrier relating to the underinsured motorist claim; and billing statements and invoices submitted to the carrier. *Id.* at *1. The court found the information sought in the subpoena was prepared in anticipation of litigation and/or during

7

active litigation, and therefore not subject to discovery. *Id.* at *2. The court found,

> It is clear that [the attorney] was hired both in anticipation of litigation, and to defend defendant in the state court litigation. To the extent that they gathered various medical records, documents and information to advise defendant concerning legal matters in the state court lawsuit, the Court finds this information and [the attorney's] activities in defense of defendant are certainly protected by attorney-client privilege and the work product doctrines.

*Id.*

Moreover, in response to the plaintiff's assertion that she was entitled to the file based on the attorney's performance of the "ordinary tasks of an insurance company, as a claims handler," the Court found that "one who prepares a document in anticipation of litigation is not acting in the regular course of business." *Id.* (quoting *Timberlake Constr. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335, 342 (10th Cir. 1995)).

Courts of other jurisdictions have concluded that communications between an insurance carrier and its separately retained coverage counsel are privileged and not subject to discovery. *See Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662 (W.D. Wash. 2007) (where insurer retains coverage counsel to provide legal advice regarding carrier's coverage obligations, "the attorney-client privilege may be invoked to prevent disclosure of communications between the insurer and its separately-retained coverage counsel, since the coverage counsel is retained solely by the insurer and owes no duty of loyalty to the insured."); *Ex Parte Great American Surplus Lines Ins. Co.*, 540 So.2d 1357 (Ala. 1989) (granting insurer's petition for mandamus for trial court to vacate its order compelling insurer to produce coverage opinion, as coverage opinion was privileged and subject to work product protection); *Arch Coal, Inc. v. Federal Ins. Co.*, 2006 WL 1391317 (E.D. Mo. May 22, 2006) (denying plaintiffs' motion to compel production of coverage opinion in bad faith case).

### III. Plaintiff is not entitled to discover post-litigation materials

Plaintiff filed this lawsuit on July 20, 2010, alleging that Old Republic, "[i]n its handling of Plaintiff's claim for benefits under the insurance policy" breached its duty of good faith and fair dealing to Plaintiff. *See* Complaint at ¶ 21 [Dkt. No. 2]. Thus, Plaintiff and his counsel represented to the Court that the claims have evidentiary support and were not presented for any improper purpose. FED. R. CIV. P. 11. Accordingly, Plaintiff's allegations are based on the alleged pre-litigation conduct of Old Republic, and any post-litigation materials are outside the scope of discovery and are protected by the attorney-client privilege and work product doctrine.

In support of his position that post-litigation, privileged communications are discoverable, Plaintiff relies on a letter from Mr. Vaughn dated "after this lawsuit was filed and served." It is noteworthy that the letter is dated August 2, 2010, only four days after Old Republic was served. *See* Lt. from L. Vaughn to O. Roytman, Aug. 2, 2010, Exhibit 7 to Plaintiff's Motion [Dkt. No. 55-7]. That letter hardly supports the proposition that Mr. Vaughn somehow continued to "investigate" Plaintiff's claim knowing that Plaintiff had sued Old Republic for bad faith. It is clever lawyering. However it borders on an attempt to create a scenario more closely akin to civil entrapment knowing that Mrs. Tarwater denied liability.

The Oklahoma Supreme Court holds that post-litigation conduct may not serve as evidence of bad faith. *Sims*, 16 P.3d at 471 (citing *Timberlake Construction Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 340-41 (10th Cir. 1995); *see also Roesler,* 251 Fed. Appx. at 499, 2007 WL 2981366, *9; *Skinner v. John Deere Ins. Co.*, 998 P.2d 1219 (Okla. 2000) (affirming trial court finding that post-litigation files of insurer were privileged and did not have to be produced). This is because "[p]ost-litigation activities have no relevance" to alleged bad faith. *Roesler*, 251 Fed. Appx. at 498. "The duty of good faith and fair dealing exists during the time

the claim is being reviewed. Once a lawsuit is filed, to hold an insurer's acceptable litigation tactics as evidence of bad faith would be to deny the insurer a complete defense." *Id.*

There can be no other reason for Plaintiff to discover post-litigation claims materials other than to attempt to use those materials as evidence of bad faith by Old Republic. In fact, in his Motion to Compel, Plaintiff goes so far as to criticize Old Republic for litigating a coverage issue. *See* Motion to Compel at n.3. However, the tort of bad faith does not foreclose the insurer's right to deny a claim, resist payment, or litigate any claim to which the insurer has a legitimate defense. *Pitts v. West American Ins. Co.*, 212 P.3d 1237 (Okla. Civ. App. 2009) (citing *Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1109 (Okla. 1991)). Further, Oklahoma law recognizes that "there may be disputes between insurer and insured regarding a variety of matters, including coverage, cause and amount of loss, and breach of policy conditions." *Id.* (citing *McCorkle v. Great Atlantic Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981)).

Plaintiff relies extensively on an Opinion and Order in *Butterfly-Biles v. State Farm Life Insurance Co.*, Northern District Case No. 09-CV-0867-CVE-PJC. The order does not support plaintiff's position that all post-litigation material is automatically discoverable. Rather, the order holds there is no "blanket" post-litigation privilege. *See* Order at 7. It also does not hold there is a "blanket" waiver of privilege. *Id.* It certainly does not foreclose the possibility that a privilege or other protection may apply post-litigation. To the contrary, the Oklahoma Supreme Court held in *Scott v. Peterson* that the defendant insurance company could show that particular documents were privileged. *Scott v. Peterson*, 126 P.3d 1232, 1234-35 (Okla. 2005). Old Republic has done this through its detailed privilege logs. Further, the *Butterfly-Biles* court only permitted discovery of document until the date the insurance carrier interpleaded life insurance proceeds. Finally, the order recognizes that if the defendant insurance company did not intend to

introduce evidence at trial concerning post-litigation investigation, the plaintiff's request was moot. *Id.* at 8. Plaintiff has presented no evidence that Old Republic intends to use post-litigation conduct in its defense.

Any post-litigation materials of Old Republic are beyond the scope of discovery, and are protected by the attorney-client privilege and work product doctrines, as reflected by Old Republic's privilege logs.

## CONCLUSION

Based on the foregoing, Old Republic requests that Plaintiff's Motion to Compel seeking the production of documents protected by the attorney-client privilege and work product doctrine be denied.

        McAFEE & TAFT

By  /s/Thomas E. Steichen
THOMAS E. STEICHEN, OBA# 8590
JESSICA L. DICKERSON, OBA# 21500
1717 S. Boulder, Suite 900
Tulsa, OK 74119
(918) 587-0000
Attorneys for Defendant, Old Republic Insurance Company

## CERTIFICATE OF MAILING

I hereby certify that on the 28th day of March, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Donald E. Smolen, II
    donaldsmolen@ssrok.com
    Attorney for Plaintiff

        /s/Thomas E. Steichen