IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-460-JHP-FHM |
| | ) | |
| OLD REPUBLIC INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL (DKT. # 55)**

Plaintiff's case is premised in part on his theory that, from the moment Mr. Johnson opened his claim with Old Republic, Defendant started looking for ways to deny his claim. It is Plaintiff's belief, based on the incomplete and heavily redacted documents that have been produced thus far in this case, that Old Republic never intended to consider his claim for benefits and instead focused on clearly erroneous legal theories and grossly inadequate evaluations of Plaintiff's claim to delay and avoid payment on Plaintiff's claim. In fact, Defendant has not, to this date, made any declaration of whether or not it is denying or allowing Plaintiff's claim and instead "continues to evaluate" it. Clearly, Defendant has no intention of paying Plaintiff's claim and it is merely riding the fence to put Plaintiff in the difficult position of having to litigate without a clear admission or denial.

It is important to keep in mind that this discovery dispute is only about Plaintiff's claim file, maintained by Defendant, and ESIS, Defendant's agent for handling claims. The claim file is the heart and soul of a bad faith claim because it shows how the insurance company has handled a claim, including what Defendant did and did not do

during the time the claim was being evaluated.  Plaintiff does not dispute that the allegation of bad faith does not strip an insurance company of genuine and valid assertions of privilege.  However, as discussed in Plaintiff's motion, an insurance company's assertions of privilege with respect to a plaintiff's claim file must be closely scrutinized to ensure that a plaintiff is not denied access to critical evidence.  Otherwise, an insurance company would be able to hire adjustors with *juris doctorate*'s and have **all** of its claim handling activity fully protected from discovery, effectively forever insulating the insurer from any claim of bad faith ever.  Such a result would thwart mountains of Oklahoma statutory and case law that holds insurers responsible for unreasonable actions in handling insurance claims.  Here, Defendant's proffered excuses for failing to produce Plaintiff's claim file are merely smoke and mirrors, designed to distract this Court from the fact that Plaintiff is merely requesting the complete and unabridged claim file that lies at the heart of this action.  For the reasons identified in his motion, Plaintiff is entitled to the unabridged claim file in order to effectively prosecute this action and to aid this Court in the discovery of the truth.

## I.   THE PARTIES HAD A PERSONAL CONFERENCE PRIOR TO FILING PLAINTIFF'S MOTION TO COMPEL.

Plaintiff was surprised at the allegations in Defendant's response that Plaintiff's counsel failed to comply with LCvR37.1.  As set forth in Plaintiff's motion, the parties attempted, in what Plaintiff believed was good faith, to resolve this dispute without involving the Court.  Plaintiff's counsel spoke personally with Defendant's counsel on more than one occasion, requesting that Defendant produce an un-redacted copy of the

claim file[1] and the documents Defendant was withholding on assertions of privilege. Defendant declined to produce such information and requested Plaintiff send some legal authority that would support production. Plaintiff produced such authority but production was not forthcoming. It was more than apparent to Plaintiff that Defendant would not produce the missing documents (and parts of documents) without a Court order. Plaintiff has been requesting these documents for over a year now; rather than continue the obviously fruitless back and forth Defendant was content to engage in, Plaintiff filed his motion. Defendant's suggestion that Plaintiff failed to confer is disingenuous at best.

## II. IN RESPONSE TO PLAINTIFF'S MOTION, DEFENDANT PRODUCED SOME DOCUMENTS THAT IT PREVIOUSLY DECLARED WERE PRIVILEGED. DEFENDANT HAS YET TO PRODUCE THE REMAINDER OF PLAINTIFF'S CLAIM FILE.

In Response to Plaintiff's motion, Defendant produced approximately eighty (80) pages of allegedly privileged documents, including documents containing the impressions and opinions of attorney Lawson Vaughn, pre- and post-litigation e-mail strings between Defendant's adjustors and between Defendant's adjustors and Vaughn, and even drafts of letters written by Vaughn directed to Plaintiff's then counsel, Mr. Oleg Roytman.[2] Defendant did not produce any of the redacted pages of the claim file that have been partially produced. *See* Ex. 1. The production of some documents but not others, when all were previously withheld on the same grounds of attorney-client privilege and work product protection feels arbitrary and Plaintiff is left wondering if Defendant's assertion

---

[1] The copy of the claim file that had been produced to Plaintiff contains large black redactions covering entire pages. *See* Redacted Pages, Ex. 1, currently awaiting an Order to be filed under seal.

[2] For the Court's convenience, Plaintiff has re-submitted the relevant privilege logs with the documents that remain at issue high-lighted as Ex. 2. The Court can see from the non-highlighted portions of the privilege logs what documents Defendant produced after the instant motion was filed.

of privilege is sincere or just an attempt to withhold particularly damaging evidence. Because Plaintiff has not had the opportunity to review the documents for himself, he must assume they support his theory of the case.

**A.  Documents withheld as "Proprietary/Private Information of Non-Parties."**

Despite Defendant's recent production, Defendant has still failed to produce a number of documents (and the redacted parts of the claim file pages already produced) on grounds that such documents are either proprietary or contain the private information of non-parties.

**i. Proprietary Privilege.**

Despite the fact that a Protective Order was filed in this case on March 16, 2011, Defendant continues to refuse to produce the following documents on grounds that such documents contain "proprietary information":

| Description | Date | Bates No. |
|---|---|---|
| Claim Entry | 9/18/2009 | Old Republic 004 |
| Claims Contractor Inquiry | 8/5/2010 | Old Republic 0124 |
| Insurance Policy | Undated | ESIS 0026-0084 |
| Insurance Policy | Undated | ESIS 0286-347 |
| Insurance Policy | Undated | ESIS 0350-0407 |
| Report including attorney impressions and opinions concerning coverage issues[3] | 8/10/2010 | ESIS 0463-0465 |

*See*. Ex. 2.

---

[3] These pages appear to also be withheld on grounds of work product and attorney-client privilege and thus Plaintiff's arguments regarding work product protection and attorney-client privilege in the context of an insurance claim file apply.  The attorney who participated in drafting the report has been omitted from the privilege log.

The documents identified above are a part of Plaintiff's claim file and thus integral to his claims herein. *See, e.g., Brown v. Superior Court in and for Maricopa County*, 670 P.2d 725 (Ariz. 1983); *Silva v. Fire Ins. Exchange*, 112 F.R.D. 699, 699 (D. Mont. 1986). Plaintiff obviously cannot determine *how* important these pages are until he has an opportunity to inspect his claim file in its entirety. The failure to produce something as routine as pre-litigation claim entries is immediately suspect. *See* Ex. 1, pp. Old Republic 0004, 0124. Similarly, a cursory review of the Claim Status Report reveals that the same was clearly created in the ordinary course of business; however, all relevant information, that is, anything that would reveal Defendant's evaluation of Plaintiff's claim, is completely blacked out. *See* Ex. 1 at ESIS 0463-0465. Moreover, Plaintiff does not know why approximately 175 pages of undated insurance policy are contained within his claim file but he is entitled to review them to see if he can decipher an answer. The fact is, "proprietary information" is not privileged; Defendant has offered no authority why such documents should not be produced.

### ii. Personal Information of Non-Parties.

Defendant has also failed to provide parts of Plaintiff's claim file on grounds that they contain the personal information of non-parties:

| Description | Date | Bates No. |
|---|---|---|
| ISO Claimsearch Match Report Summary | 7/15/2009 | ESIS 0262-0273 |
| ISO Claimsearch Match Report | 7/15/2009 | ESIS 0277-0282 |
| Letter from J. Reitze to G. Lander with | 5/14/2010 | ESIS 0454-0460 |

| analysis of Plaintiff's claims[4] | | |
|---|---|---|
| | | |

*See* Ex. 2.

Plaintiff cannot understand how a letter that involves an analysis of his claims could possibly be protected from discovery because it contains the personal information of non-parties. There is no blanket privilege over the personal information of non-parties and Defendant has failed to articulate any specific protection. By its description, the letter involves the pre-suit handling of Plaintiff's claim. The fact that the letter may contain personal information of non-parties is not a sufficient basis for refusing to produce it. In fact, because the letter involved the handling of Plaintiff's claim it may very well include witnesses with knowledge relevant to material issues in this lawsuit. These pages should be produced in their entirety. Similarly, the fact that Defendant considered the claims of other individuals significant enough to include in Plaintiff's claim file is sufficient to entitle Plaintiff to discover the identity of those individuals as well as the other information contained in the letter. Similarly, Plaintiff has no way of knowing the ISO search parameters used by Defendant and Plaintiff is entitled to discover whatever Defendant knew during the time it was handling Plaintiff's claim. From what Plaintiff can discern from the partial documents that have been produced, it appears that Old Republic was more concerned with the bottom line than it was with investigating Mr. Johnson's claim. *See* Ex. 1, p. Old Republic 0004, 0124 (the claim contractor inquiry reveals very little about the actual facts and circumstances of Mr.

---

[4] These pages appear to also be withheld on grounds of work product and thus Plaintiff's arguments regarding work product protection in the context of an insurance claim file applies. It is unclear whether J. Reitze or G. Lander is an attorney for application of work product protection analysis.

Johnson's claim but, presumably, provides the necessary details to perform a loss/expense analysis.  The actual loss/expenses are redacted); *see also* Ex. 1, p. ESIS 0454-0459 (document appears to be concerning a loss ratio evaluation on a number of open claims with the conclusion that ESIS has been able to close out six of the twelve claims reviewed).  It appears that Old Republic was more interested, *as reflected in Mr. Johnson's claims files*, with its global numbers than it was about Mr. Johnson's individual claim.  Plaintiff is entitled to unabridged production of these documents.

**B.  Pre-Litigation Communication Involving Lawson Vaughn.**

As set forth in Plaintiff's original motion, a document is not privileged solely because it was created by or sent to an attorney.  *See, e.g., Scott v. Peterson*, 2005 OK 84, ¶ 7 ("[T]he mere status of an attorney-client relationship does not make every communication between attorney and client protected by the privilege."); *see also Butterfly-Biles v. State Farm Life Ins. Co.*, 2010 U.S. Dist. LEXIS 4701, * 8-10 (N.D. Okla. 2010) (The investigation of an insured's claim is within the normal course of an insurer's business and is not protected simply because an attorney is involved.").  Mr. Vaughn was intimately involved in the investigation and evaluation of Plaintiff's claim.[5] In response to Plaintiff's motion, Defendant produced some correspondence by and with

---

[5] In addition to the examples set forth in note 5 of Plaintiff's motion, additional evidence demonstrating Vaughn's involvement was recently produced.  For example, on March 22, 2010, Mr. Vaughn performed a complete medical record review and claim evaluation for Laura Gerig, the claims adjustor, and concluded that Mr. Johnson's claim was within the tortfeasor policy limit.  *See* Email string between Vaughn and Gerig, currently awaiting an Order to be filed under seal.  Vaughn then advised Gerig that they needed to contact Mr. Johnson's attorney and to let him know "we have reviewed the medical documentation provided and that we evaluate the claim to be within the tortfeasor's limit." *Id.*  Gerig asked Vaughn to communicate directly with Mr. Johnson's attorney. *Id.*

Vaughn, which included his mental impressions and opinion, *see* note 5, *supra*; Ex. 2,

Defendant still refuses to produce other documents based on Vaughn's involvement:

| Description | Date | Bates No. |
|---|---|---|
| Email from Gerig to Vaughn requesting legal opinions regarding UIM exposure, coverage issues | 12/21/2009 | Old Republic 0154-0155 |
| Email from Gerig to Vaughn requesting legal advice regarding UIM expose, coverage issues | 12/21/2009 | Old Republic 0156-0157 |
| Email from Vaughn to Klumb with legal advice regarding coverage issues | 11/22/2009 | Old Republic 0158-0161 |
| Email from Vaughn to Gerig with attorney opinions and impressions regarding exposure and Johnson's medical condition | 3/22/2010 | ESIS 0093-0094 |
| Email from Vaughn to Klumb including attorney analysis of coverage issues | 11/21/2009 | ESIS 410-412 |
| Email from Vaughn to Klumb including attorney analysis of coverage issues | 11/21/2009 | ESIS 0415-0418 |
| Email from Gerig to Vaughn seeking legal opinions re: UIM exposure, coverage issues | 12/21/2009 | ESIS 0421-0422 |

*See* Ex. 2.

It is Plaintiff's belief that Old Republic is engaging in its own "clever lawyering" by representing that Vaughn's review of Mr. Johnson's claim is a "coverage opinion." *Every* insurance adjustor's review of a claim necessarily involves opinions and

determinations of whether UIM exposure exists, which is in fact a "coverage issue;" that is, there is no obligation to make a UIM payment unless the claim exceeds a certain amount.   Defendant is suggesting that any investigation, opinion, conclusion or determination of whether Mr. Johnson's claim exceeded that threshold constitutes a "coverage opinion."   Clearly, such a contention is contrary to Oklahoma bad faith law which allows a claimant to discover his claim file.   Moreover, Vaughn's opinions as to coverage, aside from his evaluation of Plaintiff's damage claim, are also discoverable; whether or not Defendant admits it now, Defendant relied on Vaughn's opinions and conclusions in its handling of Mr. Johnson's claim.  *See, e.g.* Ex. 3.

Plaintiff's position is bolstered by the fact that, after Plaintiff's motion was filed, Defendant voluntarily produced numerous documents created by or for Vaughn that involve his mental impressions and conclusions, including drafts of the reservation of rights letter sent to Plaintiff, Vaughn's report and opinion following Mr. Johnson's Examination Under Oath, emails "regarding coverage issues" and "seeking legal advice." *See* Ex. 2.   Again, Defendant's decision to voluntarily waive privilege with respect to some documents but not others seems exceedingly arbitrary, as though Defendant is simply picking and choosing what documents are the least damaging in an attempt to placate the Plaintiff, rather than an assertion of a sincerely held privilege.

**C. Post-Litigation Investigation.**

In response to Plaintiff's motion, Defendant produced post-litigation emails that had originally been withheld on the grounds that they contained "legal advice and analysis" of Plaintiff's claim.  *See* Ex. 2.  However, Defendant still refuses to produce the following:

| Description | Date | Bates No. |
|---|---|---|
| Correspondence between R. Klumb, J. Stewart, L. Gerig, L. Vaughn and T. Steichen regarding litigation[6] | Multiple | Old Republic 0005-0122 |
| Memo from P. Mueller to R. Klumb regarding lawsuit[7] | 8/5/2010 | Old Republic 0123 |
| Memo by L. Gerig regarding lawsuit and containing legal opinions of counsel | 7/29/2010 | Old Republic 0134 |
| Email from L. Gerig to W. Leach regarding defense of lawsuit | 8/10/2010 | ESIS 0106-0107 |
| Email from R. Klumb to L. Gerig and L. Vaughn regarding claims | 8/6/2010 | ESIS 0118-0119 |
| Letter from L. Vaughn to L. Gerig regarding claims and underlying litigation | 8/5/2010 | ESIS 0123-0124 |
| Emails between L. Gerig and R. Klumb (copying L. Vaughn) regarding Johnson claims | 8/7/2010 | ESIS 0518 |
| Claim notes including opinions and impressions of counsel, notes regarding opinions and advice of counsel[8] | 8/11/2012 | ESIS 0520-0550 |

[6] Plaintiff is not seeking correspondence between Defendant, or any of its agents, and Defendant's attorney *in this case*, Mr. Steichen.  However, the documents withheld under this privilege log entry constitute 117 pages; undoubtedly, all 117 pages were not written to or by Mr. Steichen concerning *this lawsuit*.  Plaintiff is seeking those pages that relate to Plaintiff's underlying claim.

[7] Rene Klumb is Defendant's claim adjustor; Plaintiff does not know who P. Mueller is and assumes Mueller is not an attorney.

[8] Although Defendant has represented that these pages of claims notes, ESIS 0520-0550 are *post*-litigation, as the Court can plainly see for itself in Ex. 1, only a few of the notes were actually created after this litigation commenced.  The majority of the redacted claims entries were created well before the instant litigation was even contemplated, in late 2009 and early 2010.

*See* Ex. 2.

As previously set forth, Plaintiff is not seeking any documents that reveal communications between Defendant or its agents and the attorneys representing Old Republic *in this case* that concern *this lawsuit*. However, most of the entries above clearly relate the underlying claim (*e.g.*, Emails between adjustors regarding Johnson's claim). Moreover, because of Defendant's reaching interpretation of "coverage opinions," Plaintiff is hesitant to accept Defendant's assertion that the withheld documents pertain to a lawsuit or litigation, especially since it is unclear *which* lawsuit Defendant is contending that the documents relate to. Insurers have made, and continue to make, the argument that *everything* contained in a claim file "relates to" litigation because every claim could end up being litigated. Courts have consistently rejected this argument. As set forth in Plaintiff's initial motion, the issue is whether the document would have been created regardless of whether litigation was forthcoming. *See, e.g., Lindley v. Life Investors*, 267 F.R.D. 382, 394 (N.D. Okla. 2010); *see also Brown v. Superior Court in and for Maricopa County*, 670 P.2d 725 (Ariz. 1983 ) ("[T]he absolute immunity accorded for the essence of work product – mental impressions, conclusions, opinions or legal theories of the attorney or other representative – would apply only to the case being litigated (here, the bad faith case) and not to such material prepared for some prior case which is the subject of the instant litigation."). Old Republic fails to recognize that the mental impressions and legal opinions of counsel are only protected by the attorney work product protection *if* they were prepared in anticipation of litigation. *If* they are work product, then mental impressions are not discoverable. Here, however, the

requested documents do *not* fall under the work product umbrella; Plaintiff is seeking documents that relate to Old Republic's investigation of his claim, not to its defense of the instant lawsuit.

In its motion, Defendant relies on *Nelson v. Granite State Ins. Co.*, wherein this Court found that a plaintiff in a bad faith case was not entitled to discover documents prepared by the attorney who had represented the insurance company in the plaintiff's earlier breach of contract action. *Nelson*, 2009 U.S. DIST. LEXIS 65118, * 4 (N.D. Okla. 2009). The Court found that the attorney had been hired to represent the insurance company in the prior breach of contract case and that any documents prepared by said attorney were therefore prepared in the course of defending that case. *Id.* Here, the documents Mr. Johnson is seeking were not prepared in the course of defending a breach of contract action brought by Johnson against Old Republic; they were prepared in the course of Old Republic's investigation and evaluation of Mr. Johnson's claim and are therefore discoverable. *See, e.g., Silva v. Fire Ins. Exch.*, 112 F.R.D. 699 (D. Mont. 1986) ("The time-worn claims of work product and attorney-client privilege cannot be invoked to the insurance company's benefit whether the only issue in the case is whether the company breached its duty of good faith in processing the insured's claim…the general rule in cases of this nature should be that the plaintiff is absolutely entitled to discovery of the claims file."); *see also Darkzenkiewicz v. The Honorable Niles Jackson*, 1994 OK 151, 904 P.2d 66, J. Opala concurring ("[T]he insured is entitled to discover the facts known or knowable to the insurer at the time the insured's claim was met with denial of UM liability.").

ESIS 0520-0550 represent the claims notes kept by Old Republic and ESIS while it was investigating Plaintiff's claim.  These notes were compiled beginning in September of 2009 and going through shortly after this litigation began.  *See* Ex. 1, pp. ESIS 0520-0550.  They include Old Republic's damages evaluation, including the percent of liability Defendant attributes to Mr. Johnson in the underlying accident, the offsets Old Republic claimed, the amount Old Republic set aside for Mr. Johnson's pain and suffering, etc., but the relevant information, that is, the numbers themselves, have all been redacted.  *See, e.g.,* Ex. 1 at ESIS 0528-0529, 0530-0531, 0537-0538.   Likewise, the claim description has been redacted in its entirety from these pages.  *See*, *Id*. at ESIS 0535-05360540, 0542, 0544.  Defendant has gone to great lengths to avoid producing these clearly discoverable log notes.  Plaintiff believes it is Defendant's strategy to resist *all* of Plaintiff's legitimate discovery requests to create a much bigger dispute, distracting the parties and the Court from these claims notes in the hopes that these notes would be overlooked.  These notes were created by Laura Gerig, Old Republic's adjustor handling Mr. Johnson's claim, during the time Defendant was actually handled his claim.  Defendant claims it is "continuing to investigate" Mr. Johnson's claim and Plaintiff is entitled to all of Defendant's claim notes unless they relate to Defendant's defense of *this* case.  From what Plaintiff can tell from the redacted pages that were produced, Plaintiff would posit that none of the redacted portions relate to Defendant's defense of *this* case and instead relate directly to Defendant's ongoing investigation and evaluation of Plaintiff's claim.

## <u>CONCLUSION</u>

Defendant's claims of privilege and work product are overreaching.  Evidenced by the fact that some of the allegedly privileged documents were produced in response to the instant motion but other were not, it appears Defendant's production has been based not on sincere assertions of privilege, but rather on what documents are least damaging. Plaintiff is entitled to the documents identified herein and the same contain critical information materially relevant to his claim of bad faith.

WHEREFORE, premises considered, Plaintiff prays the Court grant his motion and enter an order compelling Defendant to produce complete and unredacted copies of the documents identified herein.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

/s/Donald E. Smolen, II
Donald E. Smolen, II, OBA #19944
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
(918) 585-2667 P
(918) 585-2669 F
donaldsmolen@ssrok.com
*Attorney for Plaintiff*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of April, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:  Thomas E. Steichen and Jessica L. Dickerson.

<u>/s/Donald E. Smolen, II</u>