## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JOHN JOHNSON,

                Plaintiff,

vs.

OLD REPUBLIC INSURANCE COMPANY,

                Defendants.

Case No.10-CV-460-JHP-FHM

## **OPINION AND ORDER**

Plaintiff's Motion to Compel, [Dkt. 55], is before the undersigned United States Magistrate Judge for decision.

Defendant withheld a number of documents from production and submitted a privilege log identifying the documents withheld. Defendant claimed attorney-client and work product privilege, proprietary information, product protection, and personal or confidential information of non-parties as the basis for withholding production. Plaintiff's motion seeks an order compelling production of the entire unredacted files maintained by and for Old Republic and ESIS relating to Plaintiff's insurance claim at issue in this litigation. After Plaintiff's motion was filed, Defendant made a supplemental production that included some, but not all, of the withheld documents.

Defendant asserts that Plaintiff's motion should be denied because Plaintiff's counsel failed to comply with the meet and confer requirements of LCvR 37.1.[1] In reply

---

[1] Local Civil Rule 37.1 requires an informal conference to settle discovery disputes:
With respect to all motions or objections relating to discovery pursuant to Fed.R.Civ.P. 26 through 37 and 45, this Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord. However, no personal conference shall be

(continued...)

Plaintiff's counsel claims that LCvR 37.1 was satisfied because counsel spoke on more than one occasion and Defendant would not produce the documents. [Dkt. 60, pp. 2-3].

Defendant's response brief contains a letter dated February 24, 2012, from Defendant's counsel to Plaintiff's counsel, which asked Plaintiff's counsel to specify which documents were objected to and stating that with that information the parties could sit down and discuss the dispute. [Dkt. 56-2]. Defendant states that Plaintiff did not respond to the letter. [Dkt. 56, p. 4 n1]. Plaintiff's counsel did not deny that contention in the reply brief, but argued that Defendant's suggestion that Plaintiff failed to confer is "disingenuous." [Dkt. 60, p. 3].

The Court finds that Plaintiff's counsel did not comply with the letter or the spirit of Fed.R.Civ.P. 37(a)(1)[2] or LCvR 37.1. Counsel both office in Tulsa, further their offices are just over a mile in distance apart. Therefore distance between counsel does not present a reason under LCvR 37.1 for the failure of counsel to personally meet. Further, when a <u>sincere</u> attempt to resolve discovery differences has been made, there is no question between the parties as to whether the meet and confer requirement has been met.

---

[1](...continued)
   required where the movant's counsel represents to the Court in writing that movant's counsel has conferred with opposing counsel by telephone and (1) the motion or objection arises from failure to timely make a discovery response, or (2) distance between counsels' offices renders a personal conference infeasible. When the locations of counsels' offices, which will be stated with particularity by movant, are in the same city or within thirty (30) miles of each other, a personal conference is always deemed feasible as to distance.

[2] Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery:
   must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

One purpose of the meet and confer requirement is to promote discussion of specific issues and the exchange of additional information. Even if the meet and confer process does not resolve the discovery issues, it inevitably narrows the issues and focuses the parties arguments on the specific matter at issue in a discovery motion. Where, as here, no meet and confer takes place, the arguments are so generalized that the briefs are unhelpful to the process of solving the dispute. By way of example, Plaintiff states he "does not know why approximately 175 pages of undated insurance policy are contained within his claim file." [Dkt. 60, p. 5]. Had Plaintiff's counsel met with Defendant's counsel in good faith and made a <u>sincere</u> attempt to resolve the discovery differences, Plaintiff would have the answer to that question. A meet and confer would have also provided the opportunity to get the answers to other questions Plaintiff posed in his reply brief: how a letter involving analysis of his claims can be protected from discovery because it contains personal information of non-parties; and whether the letter includes witnesses with knowledge relevant to material issues in the lawsuit. [Dkt. 60, p. 6].

The failure to comply with the meet and confer requirement also places Defendant at a disadvantage. Defendant represents that after Plaintiff's motion was filed, it reviewed the withheld and redacted documents and produced additional documents which could arguably be considered part of its factual investigation of Plaintiff's claim. [Dkt. 56, p. 3]. Defendant filed its response to Plaintiff's motion without knowing whether Plaintiff's objections would remain following the additional production. Plaintiff's reply brief centered on the remaining withheld documents and redactions. As a result, Defendant has not had an opportunity to specifically address Plaintiff's remaining objections.

Plaintiff's Motion to Compel, [Dkt. 55] is DENIED. Counsel have not personally met and conferred in good faith in a sincere attempt to resolve their differences over discovery of the remaining items on Defendant's privilege log as required by Fed. R. Civ. P. 37(a)(1) and LCvR 37.1. If issues remain following compliance with the meet and confer requirements, Plaintiff may submit a motion addressing the specific items that remain outstanding.

SO ORDERED this 14th day of May, 2012.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE